**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 98-60350
Summary Calendar

---

ROCKY D. WATTS; RUTH HOLCOMB; DAMON STEGALL;
ANTHONY ECHOLS; JOSEPH M. FUQUA,

Plaintiffs-Appellees,

VERSUS

SHAW CREEK INC, also known as Village Creek Inc, doing business
as All Creek Holdings Inc; VILLAGE CREEK INC; ALL CREEK HOLDINGS
INC; MARCO INC; APPLEWOOD FURNITURE INDUSTRIES INC, formerly
known as All Creek holdings Inc; MARCO HOLDINGS L.P.,

Defendants-Appellants.

---

Appeal from the United States District Court
for the Northern District of Mississippi

(3:95-CV-88)

---

March 23, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendants/Appellants challenge the percentage reduction used

by the district court under the good faith exception to the Worker

Adjustment and Retraining Notification ("WARN") Act.  29 U.S.C. §

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

2101 et seq. Specifically, appellants contend that the district court's decision to reduce the damage award by only 50% after a finding of "good faith" on appellant's part was clear error.

Under § 2104(a)(4) of the WARN Act, a court has discretion to reduce the amount of liability an employer owes upon a finding that the employer's act or omission in violating the Act was done in good faith. *See* 29 U.S.C. § 2104(a)(4). This is a discretionary function of the district court, and absent an abuse of discretion, we will not disturb the district court's rulings on the issue.

Appellants arguments for a finding of clear error are misplaced. We conduct a clear error review on fact findings such as the court's assessment of whether or not the employer acted in good faith in the first place. *See Carpenters Dist. Council v. Dillard Dept. Stores, Inc.*, 15 F.3d 1275, 1287 (5th Cir.1994). In the case at bar, appellant's understandably do not challenge the district court's fact finding that they had acted in good faith. Instead, they challenge the court's discretionary decision to only reduce the award by 50%. After a careful review of the record, we do not find any abuse of the district court's powers in this discretionary matter.

In Appellant's brief under "Statement of the Issue," they also seek a review of the district court's grant of attorney fees and prejudgment interest. However, within the brief itself there are no supporting arguments, authorities, or citations to the record. We have repeatedly held that we will not consider issues not briefed by the parties. *See Johnson v. Sawyer*, 120 F.3d 1307, 1315

2

(5th Cir.1997).  In any event, even if this issue had been presented properly, we find no abuse of discretion in the district court's grant of attorney fees and prejudgment interest.  *See* 29 U.S.C. § 2104(a)(6); *Carpenters*, 15 F.3d at 1288.

The judgment is therefore AFFIRMED.